IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARK G. WROLSTAD and**<br>**MARY A. MAPES,**<br><br>    Plaintiffs,<br><br>v.<br><br>**SELENE FINANCE L.P.,**<br>**WILMINGTON SAVINGS FUND**<br>**SOCIETY, FSB,** doing business as<br>Christiana Trust, not in its individual capacity,<br>but solely as trustee for BCAT 2015-13ATT<br>**and WELLS FARGO, N.A.,**<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:16-CV-3143-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand (Doc. 13), filed December 9, 2016. After considering Plaintiffs' motion, the parties' briefs, pleadings, and applicable law, the court **denies** Plaintiffs' Motion to Remand (Doc. 13).

In their motion, Plaintiffs acknowledge that removal of this mortgage foreclosure action by Defendants was proper and that the court has federal question jurisdiction over the action because they have asserted a federal claim under the Real Estate Settlement Procedures Act ("RESPA"), in addition to their other state claims. Plaintiffs, nevertheless, request that the court abstain from exercising jurisdiction over this action and return the case to state court, pursuant to 28 U.S.C. §1447(c), on the ground that state and federal courts have concurrent jurisdiction over RESPA claims and foreclosures are traditionally matters that fall within the province of state courts, which have a significant interest in adjudicating such disputes. For support, Plaintiffs rely on *Barichello*

**Memorandum Opinion and Order – Page 1**

*v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1996), in which the Seventh Circuit discussed the *Younger* abstention doctrine first enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). Defendants do not address Plaintiffs' *Younger* abstention argument in response to the Motion to Remand and instead respond that abstention and remand would be improper under 28 U.S.C. § 1441(c) because Plaintiffs' state law claims are not separate and independent from their federal claim.

The court agrees with Defendants that abstention and remand, whether in whole or in part, would not be appropriate in this case under 28 U.S.C. § 1441(c) because Plaintiffs' state and federal claims all pertain to Plaintiffs' mortgage with respect to property located at 5533 Swiss Avenue, Dallas, Texas, 75214, and the allegedly wrongful foreclosure of that property. *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104-05 (5th Cir. 1996) ("Because § 1441(c) does not authorize the remand of state law claims unless they are separate and independent from the removed federal question claim, the district court abused its discretion by remanding this claim.").

Moreover, the *Younger* abstention doctrine relied on by Plaintiffs is inapplicable here. The *Younger* abstention doctrine applies only when: (1) the dispute involves an "ongoing state judicial proceeding"; (2) "an important state interest in the subject matter of the proceeding [is] implicated"; and (3) the state proceedings "afford an adequate opportunity to raise constitutional challenges." *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (citation omitted). With respect to the first requirement, "it is doubtful that a state court case, once removed, constitutes an 'ongoing judicial proceeding' such that *Younger* abstention would apply." *Guilliams v. Bank of Am., N.A.*, No. A-13-CV-1074 LY, 2014 WL 12586367, at *4 (W.D. Tex. Mar. 18, 2014), report and recommendation adopted, No. 1:13-CV-1074-LY, 2014 WL 12586758 (W.D. Tex. Apr. 11, 2014) (citations omitted). In addition, Plaintiffs' pleadings do not raise any constitutional challenges that

**Memorandum Opinion and Order – Page 2**

would satisfy the third requirement for abstention, and the court concludes that this case is simply a standard "garden-variety foreclosure action" that does not warrant abstention under *Younger*. *See Jeong v. Federal Nat'l Mortg. Ass'n*, No. A-14-CA-920-SS, 2014 WL 5808594, at *2 (W.D. Tex. Nov. 7, 2014) (declining to abstain in removed action under *Younger* "from hearing this utterly garden-variety mortgage foreclosure action"); *Lucas v. Ocwen Home Loan Servicing*, No. 3:13-CV-1057-G BH, 2013 WL 6620856, at *7 (N.D. Tex. Dec. 16, 2013) (accepting magistrate judge's recommendation and denying *Younger* abstention-based remand motion because the plaintiff had not raised any constitutional challenges).

Accordingly, the court **denies** Plaintiffs' Motion to Remand (Doc. 13).

**It is so ordered** this 13th day of January, 2017.

Sam A. Lindsay
United States District Judge